Filed 2/19/15  P. v. Mafua CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075769 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00857) |
| v. | |
| UAISELE FAKAAGA MAFUA, | |
| Defendant and Appellant. | |

A jury found defendant Uaisele Fakaaga Mafua guilty of carjacking (Pen. Code, § 215, subd. (a))[1] and found not true an allegation that he personally used a firearm (§ 12022.53, subd. (b)) in the commission of the offense.  The jury found defendant not guilty of kidnapping during the commission of a carjacking.  (§ 209.5, subd. (a).)

---

1  Undesignated statutory references are to the Penal Code.

Defendant was sentenced to state prison for the upper term of nine years, awarded 320 days of custody credit and 48 days of conduct credit (§ 2933.1), and ordered to pay a $300 restitution fine (§ 1202.4), a $300 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

## FACTUAL BACKGROUND

### Prosecution Case-in-chief

On January 28, 2013, around 11:00 a.m., 19-year-old Mozelle Chheo was seated in her car that was parked at the department store where she was employed. She was eating a sandwich before her shift began at noon. Chheo noticed a man, later identified as defendant, in the shopping complex. He drew her attention because he appeared "sketchy," i.e., dangerous, and was looking for cigarette butts. After a few minutes, defendant came closer and asked Chheo if she had a cigarette and she responded, "no."

Defendant then approached Chheo's car. She tried to close the car window but could not do so because it was broken. Defendant put his right hand on the still-open window. Then he used his left hand to pull from his pocket a blue bandana wrapped around an object that Chheo believed to be a gun. Defendant put the object in the window and pointed it at Chheo's face.

Chheo offered the car keys to defendant. He ignored her and said, "move over, Bitch." She tried to step out of the car but he pushed her to the passenger's side and got into the driver's seat.

Defendant started the car and pulled out of the parking space. Chheo told him about herself and her family in order to "see if he'll feel sorry" for her and let her go. He did not seem affected by what she was saying, and told her, "I can't let you go."

2

When the car reached a stop sign, defendant stopped for about 30 seconds and the car behind them honked repeatedly. At that point, defendant unlocked the car and told Chheo to get out. She asked for her purse and he threw it at her. She also asked for her cellular telephone but he refused to give it to her. Defendant drove off, and Chheo ran to the department store to get help.

During the ride in the car, Chheo believed that defendant was going to kill her.

Five days later, California Highway Patrol officers conducted a traffic stop of a car being driven by defendant. The officers discovered that the car had been reported stolen. Police did not locate a firearm in the car or at the house where defendant resided.

*Defense*

Defendant testified that he moved to Sacramento from Las Vegas, Nevada in December 2012. He obtained employment in Sacramento but soon was laid off. Around his birthday, January 11, he tried methamphetamine for the first time and immediately became hooked. He had been high on methamphetamine for the five days preceding the carjacking. The day before the carjacking, he discovered that his girlfriend's electric service had been cut off. He wanted to help her and her four children and made the decision to steal something.

The next day, defendant wrapped a glove in a blue bandana and placed it in his waistband with the intent to display it as a pretend gun. Later, while he was walking around, he observed Chheo in her car using her phone. He noticed that the phone was an iPhone and thought that he could sell it. He deliberately chose Chheo because she was a small woman sitting by herself in a car.

Defendant walked up to Chheo and asked for a cigarette. When he approached her, he put his hand on his glove and acted as though it was a gun. He told her to get out

3

and that he was going to take her car. Instead of leaving, she climbed into the passenger seat.

At the stop sign, Chheo was crying. She pointed to a photograph of her son and begged defendant not to let her son grow up without a mother. He stopped the car and asked her if she needed anything. She asked for her purse, which was under the seat, and he gave it to her. She also asked for her phone, but he told her no because she would use it to call the police.

Defendant testified that he has never held a gun.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

          BUTZ          , J.

We concur:

     BLEASE     , Acting P. J.

     NICHOLSON   , J.

4